(No. 80-CC-1775-

GOODWILL INDUSTRIES OF CHICAGO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 1, 1982.*

KARAGANIS & GOLD, for Claimant.

TYRONE C. FAHNER, Attorney General (JOHN R. FANONE and CARL J. KLEIN, Assistant Attorneys General, of counsel), for Respondent.

ROE, C.J.

This is an action for breach of contract. Jurisdiction is found under section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.8(b)). Claimant alleged that it provided services to Respondent for which Respondent refused to pay and seeks damages in the amount of $10,100.50 plus costs of this suit.

Respondent moved to dismiss this claim on the grounds that the applicable statute of limitations had expired. It was Respondent's position that the reason for the nonpayment was that Claimant had not billed the State prior to the lapsing of the appropriation and thus the State was unable to make the payment. Respondent sought to characterize the complaint as not one for breach of contract but one for lapsed appropriation.

Respondent then argued that, as such, it would come within section 22(g) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22(g)), which provides for a two-year statute of limitations. Because the complaint alleged that the billings were for the period September 24, 1973, to December 20, 1976, and the complaint was not filed until March 31, 1980, Respondent argued that the claim should be barred. Claimant objected to this line of reasoning by disagreeing with Respondent's position that its claim was not based on breach of contract and argued that the five-year statute of limitations provided for in section 22(a) (Ill. Rev. Stat. 1979, ch. 37, par. 439.22(a)), applied. Respondent filed a response to Claimant's objection which stated that it has now adopted a policy of treating such cases as contracts with a five-year statute of limitations.

The initial distinction between a contract claim and a claim based upon lapsed appropriation made by Respondent in its motion to dismiss was one often made by this Court in the past. A lapsed appropriation claim is a cause of action peculiar to this Court because of the State's accounting system. The various State agencies are constrained to make payments for goods and services rendered during a fiscal year from funds appropriated for that fiscal year. At the end of the fiscal year funds which were unexpended lapsed and the department operates on funds appropriated for the next fiscal year. Therefore the agencies cannot pay late billings, and providers file in this Court for their payment. A lapsed appropriation claim is one where payment was not made solely for the reason that the funds appropriated therefor have lapsed. The distinction made between this type of claim and one for breach of contract was that the latter encompassed all such claims where payment was denied for any other reason.

After careful consideration of the issue, we hold that a five-year statute of limitations applies in both instances. In doing so we recognize that we are overturning a line of previous decisions to the contrary. However, upon close scrutiny the distinction has no legal basis. The reasons for keeping the two separate relate mainly to court administration and elements of proof and not legal theory. The important factor in each situation is that the State did not fulfill its obligation under the contract. Payment was not made and, where it is owing, this constitutes a breach. The distinction is one of description only. A lapsed appropriation claim is one type of a breach of contract.

Respondent's motion to dismiss is hereby denied. In its response to Claimant's objections to said motion Respondent states that in event the motion is denied it would be willing to stipulate to an award. So we turn now to the issue of damages. Claimant in its complaint seeks $10,100.50. Respondent would agree to an award of $9,336.50, the difference alleged due to two duplicate billings of $382.00 each. This stipulation was based upon the departmental report which states that sufficient funds lapsed from which this claim could have been paid.

Claimant is hereby awarded the sum $9,336.50 (nine thousand three hundred thirty six dollars and fifty cents) in full satisfaction of its claim. Claimant's prayer for costs is hereby denied.