(No. 80-CC-1541-

GOODWILL INDUSTRIES OF CHICAGO AND COOK COUNTY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1982.*

KARAGANIS & GOLD (WILLIAM J. KARAGANIS, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is a claim for electrical service rendered the State of Illinois, Department of Public Aid in the amount of $74,084.59. Demand for payment was allegedly made

and refused on the grounds that the funds appropriated for such payments have lapsed. On June 18, 1980, we entered an order striking a large portion of the complaint. An objection to the motion to strike was filed two weeks later, followed by a motion to vacate two weeks after the objection. Respondent filed a response to said motion on July 29, 1980, and approximately a year later filed a supplemental response.

Essentially the issue raised in these motions was which statute of limitations applied to lapsed appropriation claims. We recently decided the issue in *Goodwill Industries v. State*, No. 80-CC-1775, opinion filed March 1, 1982. Accordingly, the order of June 18, 1980, striking portions of the claim is vacated. On reconsideration of the statute of limitations issue, however, we still find that a portion of the claim is barred. The lease purporting to bind the Respondent provided that rent was to be paid the first day of every month beginning February 1, 1975. Therefore the cause of action for breach of the lease contract accrued when payment was not made, *i.e.*, on February 2, 1975. The claim was not filed until February 29, 1980. Applying the five-year statute of limitations for contracts, the portion of the claim relating to the month of February 1975 is barred.

In its supplemental response Respondent stated that if we were to grant Claimant's motion to vacate, it would be willing to stipulate to an award of the full amount claimed, based on the departmental report on the matter. On April 2, 1982, a joint stipulation was entered into wherein an award in the amount of $71,805.57 was agreed to, also based upon the departmental report. In each instance the departmental report, which is *prima facie* evidence of the facts contained therein, was incorporated by reference into the stipulation. It is well

settled that this court is not bound by such stipulation and, having carefully analyzed the record, we decline to enter judgment in the amount agreed to.

This claim covers a period of four fiscal years, 1975 through 1978. In fiscal year 1975 a total of $150,350.36 lapsed from the line item appropriation from which this claim could have been paid (001-47801-1200-00-00), and was returned to the State treasury. That sum was the uncommitted balance and the line item was not obligated by the amount of this claim. The amount of the claim relating to fiscal year 1975 was $8,423.69. Analysis of the bill of particulars for this sum reveals that $1,408.00 related to lighting power usage for the month of February 1975, and therefore that much of the amount claimed is barred by the statute of limitations. Furthermore, a portion of the claim for electricity for air conditioning related to the same period. The amount expended by Claimant for the period of February 14, 1975, to March 18, 1975, was $4,558.24 of which Respondent was chargeable for 7.23%. There were 32 days in that period, 15 of which were in February 1975. By dividing the total for that period by the days in that period (thereby arriving at a daily charge), then multiplying that quotient by 7.23%, the percentage of which the department was chargeable, (the product being the daily rate for the department) and then multiplying the product by the number of days in February 1975 (15), the end result is the amount of the claim for electricity for the air conditioning which is barred. That figure is $154.48. When combined with $1,408.00, the total amount barred for fiscal year 1975 is $1,562.48. Therefore, we find that $6,861.21 is due and owing Claimant and enter an award accordingly.

In fiscal year 1976 a total of $48,689.34 lapsed from fund No. 001-47810-1200-00-00, the line item from which this claim could have been paid, and was returned to the

State treasury. However, that entire sum was obligated and the amount of the uncommitted balance was zero. The line item was not committed by the amount claimed for that fiscal year, $21,576.24. Therefore, we are constrained by law to deny this portion of the claim. Making an award in this instance would essentially be granting the department an additional appropriation which is the sole prerogative of the legislature according to the 1970 Illinois Constitution. Furthermore, incurring obligations in excess of funds appropriated is specifically barred by statute.

However, an analysis of the bill of particulars relating to fiscal year 1976 shows that a portion of the amount claimed actually related to fiscal year 1975, for which there were sufficient funds for payment. The electricity for air conditioning chargeable to Respondent for the period of June 16, 1975, to July 1, 1975, was erroneously included on the fiscal year 1976 statement. Computing the proper amount chargeable to the Respondent in the same manner as we prorated the February 1975 billing, we find that $190.52 was due and owing and we hereby make an award accordingly.

The amount claimed relating to fiscal year 1977 was $22,832.17. In that fiscal year $279,094.13 lapsed from fund No. 001-47810-1200-00-00, the line item from which this claim could have been paid, and was returned to the State treasury. Of that amount, $73,144.38 was uncommitted. Even though the fund was not committed by the amount of this portion of the claim, the uncommitted balance was sufficient to cover it.

However, an examination of Claimant's bill of particulars reveals that a portion of the billing for electricity for air conditioning during the fiscal year 1977 was erroneously included and should properly have been

chargeable to fiscal year 1976. That portion related to the period of June 14, 1976, to July 1, 1976. Prorating the amount chargeable to the department for that period in the same manner as above, we find that $352.65 is barred because of the insufficient lapsing of funds for fiscal year 1976 as described above. Therefore, we find that $22,479.52 is due and owing to Claimant and we enter an award accordingly.

Following fiscal year 1978, $48,679.76 lapsed from fund No. 001-47810-1200-00-00, the line item from which this claim could have been paid. $16,444.59 was the balance of uncommitted funds which lapsed. The fund was not committed by the portion of this claim relating to that fiscal year, $21,252.49, an amount in excess of the uncommitted balance. No other claims have been made against this 1978 line item. Therefore we are able to make an award of the entire unobligated balance, $16,444.59 To make an award in excess of that amount would be effectually granting the department a deficiency appropriation.

However, the bill of particulars indicates that a portion of the claim relating to fiscal year 1978 actually related to fiscal year 1977. That portion was for electricity for air conditioning for the period of June 15, 1977, through June 30, 1977. Prorating the amount chargeable to the department in the same manner as above, we find that $354.31 was a fiscal year 1977 obligation for which sufficient funds for payment did lapse and we enter an award accordingly.

Adding up the amounts due and owing Claimant as set forth above, the total is $46,330.15 and we hereby award said total to Claimant.