(No. 74-CC-0623–■■■■■■■■

ROBERT E. SCHROEDER and JAMES C. SCHROEDER, d/b/a Schroeder Sign Company, a Co-Partnership, and PEARL IRENE SCHROEDER and THE FIRST NATIONAL BANK OF ELGIN, ILLINOIS, as Co-Trustees of the Estate of Ernest F. Schroeder, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 16, 1984.*

GROMER, WITTENSTROM & STROM (WARREN STROM, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

■■■■■■■■■■■■■

HOLDERMAN, J.

This matter comes before the Court upon the joint stipulation of the parties, which states as follows:

1. That instant claim was brought as a tort under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(d)).

2. That instant claim arose from a fire set by Francis J. Osewski, resident at Elgin State Hospital, to the Claimants' real estate and damaging property belonging

to the Claimants' business after he escaped from the Respondent's custody.

3. The Claimants sought the statutory limit for tort claims of $100,000.00.

4. The Respondent admits that Francis J. Osewski was an inmate at Elgin State Hospital and did in fact escape from said mental institution while in the custody of the Respondent.

5. The Respondent admits that the fire to the Claimants' business was started by Francis J. Osewski during his escape.

6. That after careful consideration of the issues and facts pertaining to the instant claim, as well as the potential time, preparation and expense of litigation and its possible outcome, the parties have agreed to settle the claim for the sum of $30,000.00.

7. That this amount is offered by Respondent and accepted by Claimants as full, complete and final satisfaction of the instant claim or any other claim arising out of the incident in question.

8. That there are no disputes of fact or law between the parties.

9. That both parties waive hearing, the submission of evidence and the filing of briefs.

10. That both parties have entered into this stipulation with full knowledge of all facts and law relating to the claim, and feel that an award in the amount agreed upon is a fair and reasonable sum, and that the granting of such an award would be in the best interest of all concerned.

Although the Court is not bound by a stipulation such as this, it is also not desirous of interposing a

controversy where none appears to exist. As long as the stipulation appears reasonable and fair, we see no reason to question its validity or to force the parties to take the time and expense of proving facts which are not in dispute.

We find the stipulated facts to be sufficient to sustain a finding of liability on the part of Respondent and an award in the agreed amount.

Claimants are hereby awarded the amount of $30,000.00 (thirty thousand dollars and no cents).