*In re* PETITION OF SHARON F. BEENE.

*Order filed May 9, 1984.*

LEGAL ASSISTANCE FOUNDATION OF CHICAGO (DEVEREUX BOWLEY, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter is before the Court on the petition of Sharon Beene for an extension of time within which to file documents to claim compensation under the Crime

Victims Compensation Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act.

On October 1, 1982, we ruled that we were constrained by operation of law to deny the petition on the grounds that so much time had lapsed since the date of the alleged crime that we no longer had authority to grant the petition. The petitioner asked for a hearing and the case was assigned to a commissioner of the Court. At the suggestion of the commissioner, the parties elected to file memoranda in lieu of holding the hearing.

The facts as stated in the Petitioner's memoranda are as follows.

The Petitioner, Sharon F. Beene, was the victim of a crime on December 6, 1979. She was sitting in a car with a friend in Garfield Park in Chicago when three men unknown to them went up to the car and one of them shot the Petitioner in the chest. The bullet went through her left lung and lodged in her spine. The men were never apprehended, and it is presumed the motive for the crime was robbery. No notice of intent or application were filed at that time by Petitioner, because she did not suffer monetary loss compensable under the Crime Victims Compensation Act. Her medical bills and sick leave were covered by her employer and insurance, and she was able to return to work about four months after the crime. She worked steadily until February of 1982, at which time the bullet which had been lodged in her body since 1979, migrated to a nerve causing severe back and muscle pain. As of that time she was unable to work, and thus suffered monetary damages necessary to seek compensation under the Act. On May 3, 1982, Claimant contacted attorney Devereux Bowly, Legal Assistance Foundation of Chicago, to represent her in this matter. He consulted Mr. Ron Castan, of the Chicago Crime

Victims Compensation Act office, of the Attorney General of Illinois. Mr. Castan informed him that the current practice in regard to situations such as this was for the Claimant to submit a petition for extension of time, but not a notice of intent nor claim. Mr. Castan said that if the petition for extension of time was granted by the Court, the notice of intent and claim could then be filed. On May 4, 1982, the petition and supporting documents were sent to Mr. Castan.

The statute in effect at the time of the crime was not the current statutory provision, which became effective on September 22, 1979. When the crime occurred, on September 6, 1979, the applicable statute was Ill. Rev. Stat. 1973, ch. 70, par. 73(g). It provided:

"Right to compensation-Conditions-Limitations-Notice. § 3. A person is entitled to compensation under this Act if:

* * *

(g) his application for compensation under this Act is filed with the Court of Claims within 2 years of the date of the injury to the victim or *within such further extension of time as the Court of Claims for good cause shown,* allows, provided that notice of intent to file a claim is filed in the Office of the Attorney General within 6 months of the date of the injury, *or within such further extension as the Court of Claims, for good cause shown,* allows." (Emphasis added.)

The above-cited provision, unlike the current one, does not set any limit on how long an extension of time can be granted in regard to the application or notice of intent, provided the Claimant shows good cause for the extension. It is the petitioner's contention that the Court erred in the October 1, 1982, order in quoting and applying the current version of the section of the Act (Ill. Rev. Stat. 1983, ch. 70, par. 76.1), which, as previously stated, did not go into effect until September 22, 1979, after the alleged crime in the instant case. Petitioner argues that statutes of limitation are given prospective effect, not retroactive operation, citing a case decided in 1875. It is unnecessary for us to recount the history of case law on

this subject which developed since that time. This is a situation where a limitation on the bringing of an action was decreased. The type of action was legislatively created (as opposed to existing under common law). We find the cases of *Orlick v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, and *Stanley v. Denning* (1970), 264 N.E.2d 521, controlling and that the current version of the statute should be applied retroactively.

The Petitioner also filed a reply brief which addressed several arguments. However, we find that our decision above makes it unnecessary for us to address them. The fact that the Attorney General failed to file with the Court any brief or memorandum at all would make it very difficult to address those arguments made in the Petitioner's reply brief had we found it necessary or helpful to do so.

Petition denied.