(Nos. 86-CC-1939, 86-CC-1940— 

AUDREY B. ONTIS, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed April 28, 1987.*

*Order on denial of rehearing filed November 10, 1987.*

AUDREY B. ONTIS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE
SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

These two causes are before the Court on Respondent's motions to dismiss, and the Claimant, Audrey B. Ontis, having been given due notice of said motions, and the Court being fully advised in the premises, finds as follows:

The Claimant is an employee of the Illinois Department of Public Aid (IDPA). In January 1986, she filed the two above-captioned Court claims as lapsed appropriation matters, under the "State law or regulation" category of this Court's authority, as provided in

subsection 8(a) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(a)). In No. 86-CC-1940, Claimant seeks to be reimbursed for department-related travel expenses which she had incurred during the period July 1981 through June 1982; and, in No. 86-CC-1939, she seeks similar reimbursement for department travel performed from July 1982 through June 1983.

Respondent challenges Claimant's right to receive a Court award on either of these claims, on the ground that neither of these Court actions was commenced within the two-year period for filing with the clerk of this Court, as prescribed by subsection 22(g) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22(g)). The validity of Respondent's challenge, and this Court's jurisdiction in these matters, will depend upon when Claimant's claims or causes of action "first accrue[d]," within the meaning of subsection (g).

Section 12—17.3 of the Public Aid Code (Ill. Rev. Stat., ch. 23, par. 12—17.3) authorizes the department to pay its employees' travel expenses from funds appropriated for that purpose. In its department report filed in response to these claims, IDPA notes: that its Employee Travel Regulations have been in effect since at least January 1980; and that these regulations have consistently required IDPA employees to submit all vouchers (reimbursement claims) for travel performed during a State fiscal year, by no later than the 31st day of July following the end of that year. The obvious purpose of this regulatory deadline is to allow time for processing and payment of such vouchers from currently-appropriated funds, which otherwise would lapse as of September 30 following the end of the fiscal year during which the employees' travel occurred. Ill. Rev. Stat., ch. 127, par. 161.

If Claimant had submitted her vouchers in accordance with this deadline, her fiscal year 1982 travel claim (for July 1981 through June 1982) could have been processed and paid, in accordance with section 12—17.3, before that year's appropriation had lapsed. Similarly, her fiscal year 1983 claim (for July 1982 through June 1983 travel), if timely submitted, could have been paid before October 1, 1983, when the fiscal year 1983 appropriation lapsed. In fact, neither of Claimant's vouchers was prepared prior to July 1984.

In interpreting subsection 22(g) of the Court of Claims Act, we believe it reasonable to conclude that such an "other claim" cause of action "first accrues" as of the date of an agency's established deadline, by which an individual is required to take a prescribed action. In any event, a cause necessarily "accrues" as of a date—here, the close of business on September 30 following the end of Respondent's fiscal year, following which Respondent has no statutory authority to pay the claim from an expired appropriation. Postponement of "accrual" to an even later date would result in an interpretation which clearly could not be reconciled with either the provisions of these statutes and this regulatory deadline, or with their intended purpose.

We find that Claimant's claim in respect to her State fiscal year 1982 travel, presented in No. 86-CC-1940, had accrued on or before September 30, 1982; and that her claim in respect to her fiscal year 1983 travel, presented in No. 86-CC-1939, had accrued on or before September 30, 1983. By delaying the filing of these claims until January 21, 1986, more than two years following such respective accrual dates, Claimant allowed her claims to be barred by the time limitation for commencement of such actions, imposed by subsection 22(g) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22(g)).

It is therefore hereby ordered that each of said actions is dismissed, this Court having no statutory jurisdiction to make an award or to take any other action with respect to them.

## ORDER ON DENIAL OF REHEARING

PATCHETT, J.

This cause coming before the Court on Claimant's petition for rehearing, this Court having reviewed and considered Claimant's petition, and being fully advised in the premises, the Court finds that it is constrained by prior law on this matter and regretfully must deny the petition for rehearing and affirm the order dismissing the claim.