(No. 87-CV-0229–)

*In re* APPLICATION OF FERN M. SEBER

*Order filed April 22, 1987.*

*Order filed September 2, 1987.*

FERN M. SEBER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MANLEY, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Poch, J.

This claim arises out of an incident that occurred on March 24, 1986. As a result of this incident, the Claimant, Fern M. Seber, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as "the Act" (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*).

This Court has carefully considered the application for benefits submitted on August 29, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 24, 1986, the Claimant was pushed down a stairwell by a group of unknown offenders. The incident occurred in a subway station located at 214 South Dearborn, Chicago, Illinois. On April 8, 1986, the Claimant notified the Chicago Police Department of the incident. The offenders have not been apprehended.

2. That according to section 76.1(b) of the Act a person is entitled to compensation under this Act if the appropriate law enforcement officials were notified of the perpetration of the crime allegedly causing the death or injury to the victim within 72 hours or in the event such notification was made more than 72 hours after the

perpetration of the crime, the applicant establishes that such notice was timely under the circumstances.

3. That the Claimant notified law enforcement officials 15 days after the perpetration of the crime.

4. That by reason of the Claimant's failure to establish that such notification 15 days after the perpetration of the crime was timely under the circumstances, the Claimant is not eligible for compensation under the Act.

It is therefore ordered that this claim be, and is hereby denied.

## ORDER

Poch, J.

This claim arises out of a criminal offense which occurred on March 24, 1986. Claimant seeks compensation pursuant to the applicable provision of the Crime Victims Compensation Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*). The application for compensation was filed on August 26, 1986.

On April 22, 1987, the court denied the claim for the reason that Claimant failed to notify the appropriate law enforcement officials within 72 hours of the perpetration of the crime. Claimant filed her objection to said order and requested a hearing.

The hearing was conducted by Commissioner Theodore Weinberg on July 7, 1987, at Chicago, Illinois and as a result of said hearing the court finds:

1. That on March 24, 1986, the Claimant was pushed down a stairwell by a group of unknown offenders. The incident occurred in a subway station located at 214 South Dearborn, Chicago, Illinois. On

April 8, 1986, the Claimant notified the Chicago Police Department of the incident.

2. The Claimant offered two pieces of evidence to show that she had contacted proper law enforcement authorities prior to April 8, 1986. Specifically, she offered a list of officers within the Chicago Police Department whom she contacted by phone beginning on March 25, 1986. In addition, she offered a record signed by the manager of the emergency room of the University of Illinois Hospital in Chicago which indicated that the police were notified on March 25, 1986, when the Claimant appeared for treatment.

Although section 76.1(b) of the Act requires that the appropriate law enforcement authorities must be notified within 72 hours of the incident and the first official Chicago Police Department report of the incident was not made until April 8, 1986, section 76.1(b) also provides that the Claimant may be eligible for compensation if she can show that notification made more than 72 hours after the incident was timely under the circumstances. The Court finds that the Claimant did make a good faith effort to notify the appropriate officials on a timely basis under the circumstances, and thus satisfies the requirements of section 76.1(b) of the Act.

3. Further, the parties agree and the Court finds that the Claimant has incurred hospital and medical expenses in the amount of $2,538.08. Of this amount $1,394.56 was covered by Medicare and $330.85 was covered by Allstate Insurance Company. The Claimant paid the remaining balance of $812.67 out of her own funds.

4. That the Claimant has complied with all the pertinent provisions of the Act and qualifies for compensation thereunder.

It is hereby ordered that the order of April 22, 1987, is hereby vacated and that the sum of $812.67 be and is awarded to Fern Seber, an innocent victim of a violent crime.