(No. 90-CC-2917-

GEORGE ALARM COMPANY, INC., and TINY SCOTT, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 6, 1990.*
*Order filed December 20, 1994.*

TINY SCOTT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (MICHAEL F. ROCKS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

Both of the claims at bar raise the issue of when the limitations period contained in section 22(a) of the Court of Claims Act (705 ILCS 505/1, *et seq.*) begins to run when the sole cause of the breach of the contract is the nonpayment due to lapsing of the funds appropriated for payment on the contract.

Claimant George Alarm Company, Inc. filed its claim on the standard lapsed appropriation form complaint on October 5, 1988, seeking $216 in payment for services rendered July 1, 1983. Claimant Tiny Scott filed his claim on the standard lapsed appropriation form complaint on April 23, 1990, seeking $329.25 in payment for emergency foster care services rendered from November 24, 1984, through December 19, 1984. The dates of the services in both cases are not in dispute.

The Respondent moved for dismissal on the grounds that the statute of limitations cited above was a bar to each claim. Although not expressly stated, it is apparently Respondent's position that the limitations period begins to run on the date that the services were rendered. We disagree.

While the five-year statute of limitations does not apply to all of the various kinds of lapsed appropriations claims (see *Ontis v. State* (1987), 40 Ill. Ct. Cl. 198), it is clear that it applies to lapsed appropriation claims arising from a contract. (*Goodwill Industries of Chicago v. State* (1982), 35 Ill. Ct. Cl. 318.) Both of the claims at bar arise from a contract. The only alleged breach of both contracts was nonpayment due to lapsing of the appropriated funds. Based on departmental reports attached to the motions to dismiss and offered as *prima facie* evidence of the facts contained therein pursuant to 74 Ill. Adm. Code 790.140, we find that no other breach occurred and but for the lapsing of the appropriations the claims would have been paid. See responses to question 16 in each report.

The facts in the cases at bar are similar to those in *Goodwill Industries and Cook County v. State* (1982), 35 Ill. Ct. Cl. 303. That case was filed as a lapsed appropriation claim and the only defense raised was the statute of limitations. The Court decided that the cause of action for the breach of the contract accrued and began to run when payment was due and not made. If that reasoning was applied to the cases at bar, motions to dismiss would be granted.

However, since the two *Goodwill* claims were decided, the Court has ruled on another claim involving the statute of limitations as it applies in lapsed appropriation claims. *Ontis v. State, supra,* was a lapsed appropriation claim which did not arise out of a contract. In that case the accrual date of the cause of action was at issue. Although the Court did not find it necessary to decide exactly what that date was (an internal agency regulation may have barred the claim earlier), the Court said:

"° ° ° In any event, a cause necessarily 'accrues' as of ° ° ° the close of business on September 30 following the end of Respondent's fiscal year, following

which Respondent has no statutory authority to pay the claim from an expired appropriation. ° ° °" *Ontis, supra* at 200.

The September 30 date is the end of the three-month grace period allowed in section 25 of the Finance Act (30 ILCS 105/25), for agencies to pay their outstanding liabilities incurred in the prior fiscal year.

Although the *Ontis* claim did not involve a contract, we find that the approach taken should be applied in lapsed appropriation contract claims, too. The respondent agencies in the cases at bar had up to three months after the close of the fiscal year in which the obligations were incurred to make the payments. In *George Alarm*, payment could have been made any time up to September 30, 1984, and in *Tiny Scott*, payment could have been made any time up to September 30, 1985. Both claims were filed within five years of the end of the fiscal years in which the obligations were incurred. The reason this approach is better is that had these lapsed appropriation claims been filed here before those September 30 dates, they would have been dismissed as premature. It would be incongruous in the absence of statutory authority otherwise for us to hold that the limitations period began to run before the claim could be filed.

This decision is limited solely to breach of contract claims filed as lapsed appropriation claims where the sole reasons for the nonpayment on the contract is due to the lapsing of funds appropriated for payment on the contract. Insofar as *Goodwill Industries and Cook County v. State, supra*, is inconsistent, it is overruled.

Although the departmental reports filed with the motions to dismiss state in each case the services rendered were properly authorized and satisfactorily delivered, we are unable to go on and enter awards due to the inaccuracy and absence of fiscal dates in the reports. In *George Alarm*, the bill was an FY84 obligation but the

report contains fiscal data for FY89. The report in *Tiny Scott* does not contain any fiscal data.

For the reasons stated hereinabove, the motions to dismiss are denied and Respondent is ordered to provide the necessary fiscal data on each claim or otherwise plead within 30 days of the date of this opinion; it is further ordered that if Respondent does not comply, these claims are to be assigned to a Commissioner.

## ORDER

PATCHETT, J.

This matter coming to be heard upon the motion of Respondent to enter an award for less than the amount claimed and to dismiss the remainder of the claim, due notice having been given and the Court being fully advised in the premises:

It is hereby ordered that the motion of Respondent be, and the same is, hereby granted, and the Claimant is awarded $248.94 pursuant to the Respondent's stipulation, and the remainder of the claim is dismissed.