(No. Unassigned— 

GEORGE SCHENK and JEAN SCHENK, Claimants, *v.* THE STATE OF
ILLINOIS, Respondent.

*Order filed June 30, 1989.*
*Order filed September 10, 1990.*
*Order filed February 26, 1991.*

GEORGE SCHENK & JEAN SCHENK, *pro se*, for Claimants.

ROLAND W. BURRIS, Attorney General (CAROL J. BAR-
LOW, Assistant Attorney General, of counsel), for Re-
spondent.

437

ORDER

RAUCCI, J.

This cause coming on to be heard on the petition for extension of time to file necessary documents to claim compensation under the Illinois Crime Victims Compensation Act: Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

The crime was committed on February 21, 1987. The notice of intent to file claims was filed April 24, 1989, more than two (2) years after the crime. Since the maximum amount of time to file the notice of intent is eighteen (18) months, including any extension, we have no alternative but to deny the petition.

Petition Denied.

This claim arises out of an incident that occurred on February 19, 1987.

Claimants seek compensation pursuant to the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

On June 30, 1989, the Court entered an order denying the petition, stating the intent to file claims was filed April 24, 1989, more than two years after the crime. As the maximum time to file notice of intent is 18 months, including any extensions, the Court had no alternative but to deny the petition.

The Claimants requested a hearing. The hearing was held before a Commissioner on March 26, 1990.

At the hearing the Claimants raised as an excuse that the hospital failed to post signs about the Crime Victims Compensation Act and the police did not advise them about the act. The statute does not grant an exception to the limitations period for an excuse of lack of information from police or hospitals.

The claim will be denied, as no State officer has authority to waive or arrest the running of a limitations period in favor of the State. *Bodine v. State*, 35 Ill. Ct. Cl. 777.

In this case, no evidence of disability or other possible legal exception to the notice requirements of the statute has been presented. The notice of intent was filed more than 18 months after the date of the crime.

The order of June 30, 1989 denying this claim be and is hereby affirmed. So ordered.

MONTANA, C.J.

Claimant's recent letter to the Court dated October 12, 1990, is construed as a motion for reconsideration.

Having again reviewed the case, we are constrained to deny the request for reconsideration.