(No. 87-CV-0653—)

*In re* APPLICATION OF SHAHID HUSSAIN

*Opinion filed February 24, 1987.*
*Order filed March 30, 1993.*

FRED M. CAPLAN and EDWARD R. DAVIS, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (SALLIE MANLEY and JAMES MAHER III, Assistant Attorneys General, of counsel), for Respondent.

[black redaction box]

## OPINION

Poch, J.

This claim arises out of an incident that occurred on June 18, 1986. Shahid Hussain, cousin of the deceased victim, Syed K. Shah, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on December 8, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Syed K. Shah, age 28, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1).

2. That on June 18, 1986, the victim was stabbed by an offender who was allegedly known to him. The incident occurred on the street located at 1109 West Granville, Chicago, Illinois. Police investigation revealed that the victim and the alleged offender were in a tavern when they became involved in a verbal dispute. After this dispute, the alleged offender left the tavern. When the victim left the tavern a short time later, the alleged offender attacked him with a knife, stabbing him repeat-

edly. The victim was taken to Louis Weiss Memorial Hospital where he expired. The alleged offender has been apprehended and charged with murder. Criminal proceedings against him are currently pending.

3. That the Claimant seeks compensation under the Act for funeral expenses only. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were incurred as a result of the victim's death in the amount of $2,532.

5. That according to section 80.1(c) of the Act, a person related to the victim is eligible for compensation for funeral expenses for the victim provided that such expenses were paid by him.

6. That pursuant to section 72(f), a relative is defined as a spouse, parent, grandparent, stepfather, stepmother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half-brother, half-sister, spouse's parent, nephew, niece, uncle or aunt.

7. That the Claimant, Shahid Hussain, is the cousin of the deceased victim, Syed K. Shah. Therefore, the Claimant does not meet the definition of a relative under section 72(f) of the Act and is not eligible for compensation pursuant to section 80.1(c) of the Act.

8. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## ORDER

FREDERICK, J.

This cause coming on for hearing on the stipulation

of the Claimant, Shahid Hussain, and the Respondent, and the Claimant, Syed M. Shah, in cause No. 89-CV-0139, and the Court having reviewed the stipulation, and the Court being fully advised in the premises, the Court finds:

1. That Claimant, Syed M. Shah, is the brother of the decedent.

2. That Claimant, Shahid Hussain, is the cousin of the decedent.

3. That the victim, Syed K. Shah, was murdered on June 18, 1986.

4. That Claimant, Shahid Hussain, originally filed his application pursuant to the Crime Victims Compensation Act on December 8, 1986.

5. The claim of Shahid Hussain was denied by the Court on February 24, 1987, on the grounds that Mr. Hussain was not a relative of the victim within the meaning of the Act and therefore not eligible for compensation.

6. Claimant, Syed M. Shah, filed his application for the same funeral expenses on August 5, 1988.

7. The claim of Syed M. Shah was denied by the Court on jurisdictional grounds in that the crime occurred more than 18 months prior to the filing of the application.

8. That the parties are requesting that Claimant, Syed M. Shah, be substituted for Claimant, Shahid Hussain, in cause No. 87-CV-0653 so that he can recover. It is stipulated that Mr. Hussain has been reimbursed by Mr. Shah for the funeral costs and Mr. Hussain assigns his rights to Mr. Shah.

9. The Court of Claims is not bound by stipulations.

*Schroeder v. State* (1984), 36 Ill. Ct. Cl. 3; *Goodwill v. State* (1982), 35 Ill. Ct. Cl. 303.

10. Claimant Syed Shah's claim was filed more than two years after the crime and there is before us no evidence of disability or other possible legal exception to the filing requirements. *Schenck v. State* (1991), 43 Ill. Ct. Cl. 437.

11. That the parties seek the Court to substitute Mr. Shah for Mr. Hussain in the case that was denied on February 24, 1987.

12. That even liberally construing Claimant Shah's application of August 5, 1988, as a motion to substitute for Mr. Hussain, such motion was not timely.

13. To make an award to Mr. Shah would be to find jurisdiction where the claim is barred.

Therefore, it is ordered:

A. That the stipulation of the parties filed March 30, 1990, is rejected.

B. That the cause is dismissed and stricken.