(No. 89-CV-0139—)

*In re* PETITION OF SYED MUQEEMULLAH SHAH

*Order filed September 29, 1988.*
*Order filed April 6, 1993.*

EDWARD R. DAVIS, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause coming on to be heard upon the petition

of the applicant for an extension of time to file necessary documents in the submission of application for benefits under the Crime Victims Compensation Act;

Based upon the information contained in said petition and by the Crime Victims Compensation Act, we find that the crime in question occurred more than 18 months before the filing of the application, and as the Crime Victims Compensation Act requires filing of notice within six months, which can be extended for one year on good cause, we find that we are unable to extend the filing deadline under the law;

Wherefore, it is hereby ordered that said petition be denied.

## ORDER

FREDERICK, J.

This cause coming on for hearing on the stipulation of the Claimant, Syed M. Shah, and the Respondent, and the Claimant, Shahid Hussain, in cause No. 87-CV-0653, and the Court having reviewed the stipulation, and the Court being fully advised in the premises,

Wherefore, the Court finds:

1. That Claimant, Syed M. Shah, is the brother of the decedent.

2. That Claimant, Shahid Hussain, is the cousin of the decedent.

3. That the victim, Syed K. Shah, was murdered on June 18, 1986.

4. That Claimant, Shahid Hussain, originally filed his application pursuant to the Crime Victims Compensation Act on December 8, 1986.

5. The claim of Shahid Hussain was denied by the Court on February 24, 1987, on the grounds that Mr. Hussain was not a relative of the victim within the meaning of the Act and therefore not eligible for compensation.

6. Claimant, Syed M. Shah, filed his application for the same funeral expenses on August 5, 1988.

7. The claim of Syed M. Shah was denied by the Court on jurisdictional grounds in that the crime occurred more than 18 months prior to the filing of the application.

8. That the parties are requesting that Claimant, Syed M. Shah, be substituted for Claimant, Shahid Hussain, in cause No. 87-CV-0653 so that he can recover. It is stipulated that Mr. Hussain has been reimbursed by Mr. Shah for the funeral costs and Mr. Hussain assigns his rights to Mr. Shah.

9. The Court of Claims is not bound by stipulations. *Schroeder v. State* (1984), 36 Ill. Ct. Cl. 3; *Goodwill v. State* (1982), 35 Ill. Ct. Cl. 303.

10. Claimant Syed Shah's claim was filed more than two years after the crime and there is before us no evidence of disability or other possible legal exception to the filing requirements. *Schenck v. State* (1991), 43 Ill. Ct. Cl. 437.

11. That the parties seek the Court to substitute Mr. Shah for Mr. Hussain in the case that was denied on February 24, 1987.

12. That even liberally construing Claimant Shah's application of August 5, 1988, as a motion to substitute for Mr. Hussain, such motion was not timely.

13. To make an award to Mr. Shah would be to find jurisdiction where the claim is barred.

Therefore, it is ordered:

A. That the stipulation of the parties filed March 30, 1990, is rejected.

B. That the cause is dismissed and stricken.