(No. 90-CV-0954 

*In re* APPLICATION OF JOSE L. GARCIA

*Order filed April 3, 1990.*
*Order filed April 6, 1993.*
*Order filed July 27, 1993.*

GLENN CHERTOKOW, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

On April 3, 1990, the Court dismissed this claim on the grounds that Claimant had failed to file his notice of intent to file a claim and his application within the statutory time periods to claim benefits under the Crime Victims Compensation Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*, hereinafter referred to as the Act.

Section 6.1 of the Act at that time provided in pertinent part that a person is entitled to compensation under the Act if:

"(a) within 6 months of the occurrence of the crime he files a notice of intent to file a claim with the Attorney General and, within one year of the occurrence of the crime upon which the claim is based, he files an application, under oath, with the Court of Claims ° ° °. Upon good cause shown, the Court of Claims may extend the time for filing the notice of intent to file a claim and application for a period of time not exceeding one year."

This Court has consistently given a strict interpretation to the statutes prescribing and limiting our jurisdiction. (*Beene v. State* (1984), 36 Ill. Ct. Cl. 431; *Schenk v. State* (1990), 43 Ill. Ct. Cl. 437.) In *Schenk, supra*, this Court denied a claim where the intent to file claim was filed more than two years after the claim. The Court held that the maximum time to file notice of intent is 18 months which includes any extensions. The statute does not grant an exception to the limitations period for an excuse of lack of information regarding the program.

After the original denial of the claim, the Claimant requested a hearing. The cause was duly tried by Commissioner Michael Kane who adduced the following evidence. Enrique Garcia, age 15, was shot on November 29, 1987, and died as a result of those gunshot wounds. He was the victim of a violent crime. The Claimant, Jose Garcia, is the brother-in-law of the decedent and he paid for the burial of Enrique Garcia. According to the testimony of both the Claimant and his wife, Yolanda Garcia, the funeral director who handled the arrangements informed Jose and Yolanda Garcia that there was compensation available through the State if they would make application through the Attorney General's Office. The Claimant went to the Attorney General's Office, received forms from the Attorney General's Office which he and his wife filled out. On December 22, 1987, Jose Garcia signed the forms and returned them to

the Attorney General's Office. The document he signed is entitled "Crime Victim Compensation Application." At the top of the first page of this document, it states as follows: "Return to: Illinois Attorney General's Office, Crime Victim Compensation Program, 174 West Randolph Street-Third Floor, Chicago, Illinois, 60601." On the last page of this four-page document, the following language is contained: "You have only one year from date of the criminal incident in which to file this application with the Attorney General." Pursuant to the information and the instructions the Garcias received, they returned the form to the Attorney General's Office where they were told that the processing of this document would take approximately one year. In January of 1989, slightly longer than a year after the filing, the Garcias became concerned about their application and sought information from the Attorney General's Office about the application. At that point they were told that there was no record of their ever having filed an application. They continued to seek information from the Attorney General's Office with no success. In January of 1990, they filed a petition to extend the time with which to file and this petition resulted in the order dated April 3, 1990.

At the hearing, Mr. Mohr, the assistant Attorney General, acknowledged that in his file he had the application which was signed and dated on December 22, 1987, which is within the year permitted by the Act and also within the six-month period required by the notice requirements. The Attorney General acknowledged that the Claimant filed the application within two months of the commission of the crime. He further acknowledged that the Attorney General's forms indicated to Claimant that the forms should be completed and returned to the Attorney General. Mr. Mohr stated, "The problem is that the people * * * the individuals come to our office and we give them

the forms and I think it's our responsibility to file them because I think in a lot of cases they don't know that they do have a duty on their own part to file the application."

The law specifically requires a notice of intent to file a claim be filed with the Attorney General within six months of the occurrence of the crime and then an application must be filed within one year of the occurrence with the Court of Claims. Unfortunately, the very documents which the Claimant received from the Attorney General's Office specifically stated that the documents are to be returned to the Attorney General's Office and give the impression that by doing so, the Claimant has complied with the law. There is nothing in the instructions or the application which indicates that the documents must be filed with the Court of Claims or that anything else has to be done in regards to a crime victim application. The State has acknowledged a responsibility to file the claims. It is clear from these facts that the Garcias acted with deliberate speed and in good faith.

This is an unusual and difficult case. It is also true that difficult cases make for bad law. We are determined not to make bad law. However, because we believe this situation will not be repeated and is limited to the facts of this case, we believe we can reverse our prior ruling and be consistent with our prior rulings on jurisdiction. The Attorney General originally indicated there was no record of the Garcia's application. However, at trial, the Attorney General acknowledged that an application had been found in their files with indications showing such documents were filed with the Attorney General within two months of the date of the crime. The Attorney General did not file the claim. Because the documents were actually filed with the Attorney General and do actually exist, we believe this is a case where there is a constructive fil-

ing of the claim and by allowing this claim, we are not extending the statute of limitations. However, in the future and hereinafter, the public is put on notice that notwithstanding the language on forms, it is the law that the application must be filed by the claimant with the Court of Claims no later than 18 months from the date of the occurrence, such 18 months including any extensions.

We will not in the future consider constructive filings but will make all rulings strictly on the statute of limitations and the only determination will be whether or not the notice of intent was filed within the statutory time limit with the Attorney General and whether the application was filed with the Court of Claims within the statutory time limit.

Wherefore, it is ordered:

(A) That the Attorney General shall file an investigatory report indicating the amount of the benefits which the Court should award to Claimant.

(B) That the Attorney General shall purge the forms indicating applications shall be returned to the Attorney General if such forms are still in use.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on November 29, 1987. Jose L. Garcia, brother-in-law of the deceased victim, Enrique Garcia, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1985), ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on January 11, 1990, on the form

prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on November 29, 1987, the Claimant's deceased brother-in-law, Enrique Garcia, age 16, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder. Ill. Rev. Stat. (1985), ch. 38, par. 9—1.

(2) That the crime occurred in Chicago, Illinois and all of the eligibility requirements of section 6.1 of the Act have been met.

(3) That the Claimant seeks compensation for funeral and burial expenses.

(4) That the Claimant incurred funeral and burial expenses in the amount of $3,743.56, all of which has been paid. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.

(5) That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

(6) That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

It is hereby ordered that the sum of $2,000 (two thousand dollars) be and is hereby awarded to Jose L. Garcia, brother-in-law of Enrique Garcia, an innocent victim of a violent crime.