(No. 95-CV-2522–■■■■■)

*In re* APPLICATION OF EUGENE MINES, III

*Opinion filed May 17, 1996.*

EUGENE MINES, III, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

The Claimant, Eugene Mines, III, was kicked in the face by unknown offenders when he tried to break up a fight between two men on December 30, 1994, at the American Legion Hall, 705 South Larkin, in Joliet, Illinois.

Claimant suffered a ruptured orbit of the left eye, retinal detachment, and lost a lens and iris. On March 9, 1995, Mines filed a claim pursuant to the Crime Victims Compensation Act for doctor and hospital expenses totaling $30,656.62, plus lost wages. Claimant had no insurance available to pay the medical bills. The Court denied the claim on July 3, 1995. The Court found that section 6.1(b) of the Act (740 ILCS 45/6.1(b)) requires that a person requesting compensation under the Act notify law enforcement officials within 72 hours of the perpetration of the crime allegedly causing the death or injury to the victim. If the notification is made more than 72 hours after the perpetration of the crime, the applicant must establish that such notice was timely under the circumstances. The Claimant notified law enforcement officials 23 days after the perpetration of the crime and had not established that such notification was timely under the circumstances. The Claimant requested a review of the decision. A hearing was held before Commissioner Michael E. Fryzel on February 16, 1996.

The Claimant testified that he did not report the crime to law enforcement officials for two reasons. The first reason is that he was not informed about the Crime Victims Compensation Act until his aunt, a police officer, told him ten days after the crime. The second reason is that the offenders were unknown to him and he thought the police wouldn't do anything because of this. The Claimant's mother testified that when he went into the hospital, someone told her to file a police report but they didn't know which police department would handle the case. The Joliet police said it was a county police problem. After talking to Officer Williams ten days later, Mrs. Mines called the county police and asked if they could send an officer to Claimant's house since her son was not able to go into the police station as he had a high fever.

They replied that there was a snowstorm and told her to wait until the victim felt better and then have him come in. When she called again on January 23, 1995, 23 days after the incident, Officer Stott of the Will County Sheriff's Police Department, who came out, said the police should have sent somebody out the night she first called.

Claimant and his mother were not aware of the Act until they talked to Officer Williams, ten days after the crime, at which time they contacted the county police. Even if the police had sent someone out that night, the report would have been made a substantial time after the 72-hour deadline required by the Act. This Court has held that failure of the police to advise a Claimant of the Act is not an exception to the limitations periods under the Act. (*Schenk v. State* (1991), 43 Ill. Ct. Cl. 437.) Claimant has failed to show that the notification he made 23 days after the occurrence was timely under the circumstances of this case. (*In re Application of Seber* (1987), 40 Ill. Ct. Cl. 387.) Claimant has failed to meet all conditions precedent for compensation under the Act. Based on the foregoing reasons, it is the order of the Court that this claim be and hereby is denied.